# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:19-cv-00095-MR

| | |
|---|---|
| BETTY JO DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ANDREW SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for
Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil
Procedure [Doc. 13] and the Defendant's Motion for Summary Judgment
[Doc. 15].

## I. BACKGROUND

On November 12, 2015, the Plaintiff, Betty Jo Dunn ("Plaintiff"), filed
an application for disability insurance benefits under Title II of the Social
Security Act (the "Act"), alleging an onset date of June 22, 2015. [Transcript
("T.") at 343]. On the same date, the Plaintiff filed an application for
supplemental security income under Title XVI of the Act, again alleging an
onset date of June 22, 2015. [T. at 350]. The Plaintiff's claim was initially

denied on March 22, 2016 and upon reconsideration on July 27, 2016. [T. at 271, 281]. Upon the Plaintiff's request, a hearing was held on January 25, 2018 before an Administrative Law Judge ("ALJ"). [T. at 142]. On August 7, 2018, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of June 22, 2015. [T. at 18-30]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such

2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional

3

investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.    THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted).  The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to

4

step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At

step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV.   THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, June 22, 2015. [T. at 21]. At step two, the ALJ found that the Plaintiff has severe impairments including: "chronic obstructive pulmonary disease; cervical and lumbar degenerative disc disease, with radiculopathy and neuralgia; bilateral trochanteric bursitis; status post lumbar discectomy; obesity; sleep apnea; obesity [sic]; migraines; major depressive disorder; [and] generalized anxiety disorder." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically

6

equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit for up to six hours in an eight-hour workday, with normal breaks. She can stand and/or walk for up to six hours in an eight-hour workday, with normal breaks. She can occasionally climb stairs and ramps. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She should have no more than occasional exposure to wetness, humidity, fumes, odors, or pulmonary irritants. She should avoid working in poorly ventilated spaces. She should avoid exposure to unprotected heights and workplace hazards. She should not operate a motor vehicle commercially. She would be best suited for an occupation performing simple routine, repetitive tasks, without high production quotas, and not in a fast-paced work environment. She can be around people, but have no more than occasional and superficial contact with the public, supervisors, and coworkers.

[Id. at 24-25].

At step four, the ALJ found that the Plaintiff did not have any past relevant work. [Id. at 28]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including marker, room cleaner, and kitchen worker. [Id. at 29]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from June 22, 2015,

the alleged onset date, through August 7, 2018, the date of the decision. [Id. at 29-30].

## V. DISCUSSION[1]

As her sole assignment of error, the Plaintiff asserts that the ALJ erred by failing "to conduct a proper function-by-function analysis of [the Plaintiff's] impairments" and, consequently, failed "to provide a logical bridge" between the evidence of record and the Plaintiff's RFC. [Doc. 14 at 6]. According to the Plaintiff, the ALJ's failure to perform a function-by-function analysis of her impairments constituted error because the objective evidence in her case file supports an RFC restricted to sedentary work activity or no work activity. [Id. at 9].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and

8

that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

The RFC assessment is formulated in light of a claimant's physical and mental impairments. Rule 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

Id. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Here, in formulating the RFC, the ALJ recites, without any analysis, the evidence of record that appears to be supportive of the Plaintiff's impairments and the Plaintiff's testimony, before concluding:

---

work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

After careful consideration of the evidence, the undersigned finds that the [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms <u>are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision</u>.

As for the claimant's statements about the intensity, persistence, and limiting effects of his or [sic] her symptoms, <u>they are inconsistent because there is no objective evidence showing her to be as limited with respect to walking, standing, sitting, and lifting as she purports</u>. There is no objective evidence that shows her to have daily migraine headaches.

[T. at 27 (emphasis added)]. The ALJ, however, does not provide any discussion or analysis concerning what evidence is inconsistent with the Plaintiff's allegations. Further, while the ALJ states that there is no objective evidence supporting Plaintiff's testimony regarding her limitations with respect to her ability to walk, stand, sit, and lift, the ALJ does not provide any discussion or analysis of the evidence of record *that supports* her conclusion that the Plaintiff can perform light work and walk for up to six hours in an eight-hour workday, with normal breaks. Instead, the ALJ proceeds to weigh the medical opinion evidence as follows:

As for the opinion evidence, the state agency medical consultant at the initial level, Dr. L. Horne, MD, opined that the claimant was capable of performing medium exertional work, with some postural and

10

manipulative limitations. Dr. Horne found the claimant's alleged fibromyalgia, herein was found to be a non-medically determinable impairment, to be severe, but did not review evidence of the claimant's degenerative disc disease. Due to these issues, the undersigned gives little weight to the opinion of Dr. Horne.

At reconsideration, Dr. M. Clayton, MD, opined that the claimant was capable of performing light exertional work, with some postural and manipulative limitations. Dr. Clayton supported this assessment by citing the claimant's chronic obstructive pulmonary disease and her pulmonary function testing, as well as her other impairments, but not her degenerative disc disease. Exs. 1A; 6A. This assessment is given significant weight, as it is well supported by the evidence cited, however the undersigned has identified somewhat different limitations, with more significant postural limitations, due to the claimant's lumbar degenerative disc disease and her testimony.

[T. at 27 (emphasis added)]. Again, the ALJ does not proceed to explain how the limitations identified account for the Plaintiff's lumbar degenerative disc disease or how the RFC accounts for any of the Plaintiff's other physical health impairments. Instead, the ALJ summarily concludes that the RFC accounts for the Plaintiff's physical health impairments as follows:

In sum, the above residual functional capacity assessment is supported by the [Plaintiff]'s cervical and lumbar degenerative disc disease with radiculopathy and neuralgia; her positive straight leg raise tests; her chronic obstructive pulmonary disease; her hip bursitis; her obesity; and her testimony regarding her pain. These considerations

11

> support the exertional, postural, and environmental
> limitations identified above.

[T. at 28].

The ALJ's explanation is lacking in the analysis needed for meaningful review. The ALJ generally describes some of the record evidence, but it is unclear how that evidence supports her conclusions. Further, despite Plaintiff's RFC reflecting multiple limitations that appear related to her symptoms associated with severe impairments, including pain, the ALJ fails to provide any discussion of these limitations. Moreover, the ALJ never explains how she concluded — *based on the evidence of record* — that the Plaintiff could actually perform the tasks required of light work. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that [Plaintiff] could perform "medium work" and summarized evidence that she found credible, useful, and consistent. But the ALJ never explained how she concluded — *based on this evidence* — that [Plaintiff] could actually perform the tasks required by "medium work," such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours."). That is particularly vexing here, where the ALJ mentions that the Plaintiff's application for a disability parking placard, signed by the Plaintiff's physician, indicates that the Plaintiff can only walk 200 feet without stopping to rest. [T. at 28]. However, the ALJ then states that "there is no supporting

objective medical evidence showing the [Plaintiff] to be unable to walk more than 200 feet without needing to rest." [Id.]. Again, while the ALJ's statement provides a basis for determining that the Plaintiff is not restricted to walking only 200 feet before needing rest, this determination alone does not provide an adequate basis of support for the ALJ's conclusion that the Plaintiff could actually perform the tasks required of light work, including walking for up to six hours in an eight-hour workday, with normal breaks.

A reviewing court cannot be "left to guess about how the ALJ arrived at her conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports [her] decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citation omitted).

Here, the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g.,

laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. Therefore, the ALJ failed to build an "accurate and logical bridge" from the evidence of record to the RFC conclusions. See Monroe, 826 F.3d at 189 (citation omitted).

## VI.  CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining how she reconciled that evidence to her conclusions.


## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **GRANTED** and the Defendant's Motion for Judgment for Summary Judgment [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby

**REMANDED** for further administrative proceedings consistent with this opinion.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: April 20, 2020

Martin Reidinger
United States District Judge