THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00095-MR

| | |
|---|---|
| **BETTY JO DUNN,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **KILOLO KIJAKAZI,** Acting ) <br> **Commissioner of Social Security,** ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 21].

**I.      PROCEDURAL BACKGROUND**

On July 15, 2019, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny her application for benefits under the Social Security Act.  [Doc. 1].  On April 20, 2020, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action.  [Docs. 17, 18].  On July 7, 2020, the Court awarded the Plaintiff attorney's fees in the amount of $4,100.00 in full satisfaction of

any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 20].

On May 10, 2022, the Commissioner issued a Notice of Award to the Plaintiff explaining his past due benefits and stating that 25% of the Plaintiff's back benefits was being withheld from the Plaintiff's award to pay any award of attorney's fees. [Doc. 21-2 at 4-5]. The Plaintiff and her attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. [Doc. 21-3].

The Plaintiff's counsel now seeks an award of $7,105.10 in fees pursuant to 42 U.S.C. § 406(b)(1), with the additional stipulation that upon receipt of such payment, the Plaintiff's counsel will refund to the Plaintiff the amount previously awarded under the EAJA. [Doc. 21 at 5]. The Social Security Administration has already approved a fee of $6,000.00 for counsel's work before the agency pursuant to § 406(a), leaving a remainder of $9,087.00 in potential attorney's fees for work performed before this Court.[1] [Doc. 21-2 at 4-5].

---

[1] Award of $60,348.00 x 25% = $15,087.00. That amount, less $6,000.00 paid, yields $9,087.00 as the potential maximum fee recovery.

## II.  DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees.  First, claimants may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A).  Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant

3

actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, the Plaintiff and her counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay to counsel 25% of any past due benefits awarded. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and counsel is reasonable. Further, counsel's request for $7,105.10 is less than the full remainder of potential fees left over after the § 406(a) fees were withheld. Accordingly, the Plaintiff's Motion for Authorization of Attorney Fees is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 21] is hereby **GRANTED**, and an award of attorney's fees in the amount of Seven Thousand One Hundred Five Dollars and Ten Cents ($7,105.10) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of $4,100.00, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: June 9, 2022

Martin Reidinger
Chief United States District Judge